**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERRY DOUGLAS,

      Plaintiff,                             Civil Action No. 13-11571
v.                                       HONORABLE DENISE PAGE HOOD

UNITED STATES CONGRESS et al.,

      Defendants.

_____/

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS,***
**ORDER DENYING MOTION TO STOP AND DENYING MOTION TO ADD,**
**ORDER OF SUMMARY DISMISSAL,**
**AND FINDING ANY APPEAL FRIVOLOUS**

Before the Court is Plaintiff Patrick Alonzo Western's Application to Proceed *In Forma Pauperis.*  A review of Plaintiff's application supports Plaintiff's claim of pauper status.  The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action.  However, for the reasons set forth below, the Court dismisses the Complaint against Defendants.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2) ... Section

> 1915(e)(2) provides us with the ability to screen these, as well as
> prisoner cases that satisfy the requirements of this section. The
> screening must occur even before process is served or the individual
> has had an opportunity to amend the complaint. The complaint must
> be dismissed if it falls within the requirements of § 1915(e)(2) when
> filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Federal courts hold the *pro se*

complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S.

519 (1972).

The presumption is that a federal court lacks jurisdiction in a particular case until it has been

demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*,

160 U.S. 327 337 (1895). The facts showing the existence of jurisdiction must be affirmatively

alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936);

Fed.R.Civ.P. Rule 8(a)(1). The federal district court is a court of limited jurisdiction. The district

court is only empowered to hear those cases that (1) are within the judicial power of the United

States as defined in Article III of the Constitution and (2) that have been entrusted to the district

court by a jurisdictional grant of Congress. *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance*

*Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Subject matter

jurisdiction may be based generally on: 1) federal question jurisdiction under 28 U.S.C. § 1331;

2) diversity jurisdiction where the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332

and parties are diverse; and 3) when the United States is a party under 28 U.S.C. §§ 1345, 1346.

Liberally construing the Complaint, Plaintiff fails to state a claim against Defendants.

Plaintiff seeks "to have all the defendants to prove how they became the founder and owner of

Teacher appreciation week." (Comp., Pg ID 5) Plaintiff asserts that the federal government "wants

Flint, Mi. to be known as the most dangerous city of anything good, such as being the city that was

the first city and state to say they appreciate teachers." (Comp., Pg ID 5-6) Plaintiff claims that Teacher Appreciation Week started in Flint, Michigan in 1981, the brainstorm of Plaintiff. (Comp., Pg ID 6) Plaintiff claims that others, including the Government, has taken advantage of his idea and have made money off of his idea. Plaintiff now seeks to stop Teachers Appreciation Week and to seek damages because all the benefits from Teachers Appreciation Week belong to Plaintiff.

It is a well-settled principle that the United States is immune from suit unless it expressly waives its sovereign immunity and consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). The federal named-Defendants United States Congress and the United States Board of Education are dismissed since liberally construing the Compliant, Plaintiff has not shown that the United States has waived its sovereign immunity as to the claims alleged by Plaintiff. Plaintiff has failed to state any plausible claim as to Defendants United States Congress and the United States Board of Education.

As to the Defendants National PTA and Flint Board of Education, Plaintiff has failed to allege any plausible facts that these Defendants have violated any federal laws or that Plaintiff has any federal claims against these Defendants. Liberally construing the Complaint, Plaintiff fails to state any plausible claim upon which relief may be granted as to Defendants National PTA and the Flint Board of Education.

Accordingly,

IT IS ORDERED that the Application to Proceed *In Forma Pauperis* **(Doc. No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the Motion to Stop T.A.W. **(Doc. No. 3)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Add a Defendant **(Doc. No. 4)** is DENIED.

IT IS FURTHER ORDERED that any request for counsel by Plaintiff is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED as frivolous under

28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would not be taken

in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962),

*McGore*, 114 F.3d at 610-11.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April
23, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager